**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MERIT ELECTRICAL, INC.** | **CIVIL ACTION** |
| **VERSUS** | |
| **MOTIVA ENTERPRISES, LLC** and **JACOBS FIELD SERVICES NORTH AMERICA, INC.** | **NO. 10-501-D-M2** |

## RULING & ORDER

This matter is before the Court on the Motion for Leave to Intervene as Defendant (R. Doc. 14) filed by proposed intervener, MAPP Construction, LLC ("MAPP"). All parties to this litigation, Merit Electrical, Inc. ("Merit"), Motiva Enterprises, LLC ("Motiva"), and Jacobs Field Services North American, Inc. ("Jacobs"), have filed oppositions to MAPP's motion (R. Docs. 18, 19 and 20), in response to which MAPP has filed two reply memoranda. (R. Doc. 23 and 53).[1] Merit has also filed a sur-reply memorandum. (R. Doc.

---

[1] Although MAPP contends that Merit's opposition was untimely-filed and therefore should not be considered, the undersigned disagrees. The present motion was filed on November 8, 2010. While it is true that, pursuant to Local Rule 7.5M, the parties to this matter had twenty-one (21) days after service of the motion to intervene to file oppositions to the motion, Fed. R. Civ. P. 6(d) nevertheless adds three (3) more days to the parties' opposition deadline, actually allowing for twenty-four (24) days total to respond to MAPP's motion. Pursuant to Fed. R. Civ. P. 6(d), when a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(F) (*i.e.*, sending it by electronic means), then three (3) additional days are added after the period would otherwise expire under Rule 6(a). *See*, Fed. R. Civ. P. 6(d)(formerly Rule 6(e)); *Int'l Longshore and Warehouse Union, Local 142 v. C. Brewer & Co.*, 496 F.Supp.2d 1179, 1180-81 (D. Haw. 2007)(While the Local Rule provided that a response to an appeal of a magistrate judge's ruling was due within eleven days of service of the appeal, because the defendants were electronically served with a copy of the appeal, three (3) additional days were added after the prescribed period expired in accordance with Fed. R. Civ. P. 6(e)(now Rule 6(d)). Thus, contrary to MAPP's argument, the deadline for the parties to this matter to oppose the present motion was actually December 2, 2010, rather than November 29, 2010, and Merit's opposition, which was filed on November 30, 2010, was therefore timely-filed and can be considered. *See*, 4B Fed. Prac. & Proc. §1171 (2010)("According to the Advisory Committee, the amendment . . . was motivated by several comments it received suggesting that the added three days should be provided because electronic transmission is not always instantaneous and may fail for any of a number of reasons. Moreover, it was suggested that on some occasions it may take three days to arrange for transmission in readable form").

Additionally, even assuming Merit's opposition was untimely filed by one (1) day, the undersigned

1

38).

## **FACTS & PROCEDURAL BACKGROUND**

The present suit was initiated, on June 24, 2010, when Merit filed a Petition to Enforce Lien in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana, naming Motiva and Jacobs as defendants. Merit seeks sums allegedly owed to it by Motiva and Jacobs for electrical work that Merit performed during the construction of a control building at the Motiva refinery in Convent, Louisiana ("Motiva project" or "control room project").[2] Motiva removed the suit to this Court on the basis of diversity jurisdiction on July 29, 2010.[3]

A day after this suit was filed in state court, on June 25, 2010, Merit also filed a Demand for Arbitration against MAPP, the general contractor on the Motiva project, pursuant to the terms and conditions of the subcontract agreement entered between them.

---

has discretion to consider same if it finds that the arguments asserted therein are helpful to a resolution of MAPP's motion, which is the case with Merit's opposition. *Nelson v. Star Enterprise*, 220 F.3d 587 (5th Cir. 2000)(District courts have broad discretion to consider untimely oppositions to motions).

[2] On October 1, 2005, Jacobs and Motiva entered into a written contract for Jacobs to provide engineering, procurement, and construction management as an agent for Motiva on the Motiva project. Subsequently, on December 1, 2008, Jacobs entered a subcontract agreement with MAPP for the construction of the Control Room Building at Motiva's refinery. Thereafter, MAPP entered agreements with various subcontractors to perform the work on the control room project, including a subcontract agreement with Merit to provide "all labor, materials, on-site supervision, tools, equipment, scaffolding, supplies, and/or services to provide a complete Motiva Control Room Building electrical scope of work for the Motiva Control Room Building project per plans and specifications prepared by Smith LaRock and specifications dated September 15, 2008." *See*, R. Doc. 14, p. 2. During the course of construction, various issues arose, including claims of defective work made by Jacobs/Motiva against MAPP for work performed by a number of its subcontractors. As a result of those allegations, Jacobs/Motiva withheld payment to MAPP, and MAPP has therefore withheld payment to its subcontractors.

[3] In the Notice of Removal, Merit is alleged to be a citizen and domiciliary of the State of Louisiana, while Motiva is a limited liability company domiciled in the State of Delaware with its principal place of business in Houston, Texas, and with its members being domiciled in Delaware with primary addresses in Houston, Texas. Jacobs is alleged to be a corporation domiciled and incorporated in the State of Texas with its principal place of business in Pasadena, California.

Within that arbitration proceeding, MAPP filed an answer and a counterclaim against Merit for indemnification against any claims that might be asserted by Motiva or Jacobs and "for any costs, expenses, losses and damages arising out of any breach of contract or improper performance or negligent acts attributable to Merit." *See*, MAPP's Answer, Exhibit "A" to Motiva's opposition, R. Doc. 18. MAPP also filed a motion to join Motiva and Jacobs as third party defendants in the arbitration proceeding.

On October 15, 2010, MAPP filed its own Petition for Damages in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, naming both Merit and Jacobs as defendants. Additionally, it is undisputed that, in connection with the Motiva project, Merit secured, and Motiva paid for, a performance bond that secures Merit's performance of all of its contractual obligations relative to the Motiva project, and MAPP named the various sureties of that performance bond as defendants in its 19th Judicial District Court suit. Through such state court suit, MAPP seeks defense and indemnification from Merit for any claims of defective work, for breach of contract, and for any delay claims filed by Motiva/Jacobs. *See*, MAPP's Petition for Damages, ¶¶ 130-139, Exhibit "B" to Motiva's opposition, R. Doc. 18.

On November 8, 2010, MAPP filed the motion at issue in this Ruling, seeking to intervene as a defendant in the present litigation pursuant to Fed. R. Civ. P. 24's provisions allowing for intervention of right and permissive intervention. MAPP contends that it is entitled to intervention of right because, under the terms of its subcontract with Motiva/Jacobs, if this Court enters a judgment in favor of Merit and against Jacobs and/or Motiva, MAPP may be responsible for paying the amount of the judgment as well as any legal fees incurred by Jacobs and Motiva in the defense of Merit's claim. MAPP further

3

asserts that it must be allowed to intervene because Motiva has filed a multi-million dollar delay claim against MAPP, which is attributable, at least in part, to the work performed by Merit. MAPP contends that, under the subcontract agreement between it and Merit, Merit owes it indemnification for any judgment that may be obtained by Motiva against MAPP for delays and defective work caused by Merit. In sum, MAPP argues that, if this Court renders a judgment ordering Jacobs/Motiva to pay the amount allegedly owed to Merit for its work on the Motiva project, MAPP will be denied its right to recover any indemnification owed to it by Merit for the delay and defective work claims that Motiva has asserted against MAPP relating to Merit's scope of work.

## **LAW & ANALYSIS**

MAPP's motion to intervene should be denied on several grounds. First, the Court cannot exercise supplemental jurisdiction over the intervention pursuant to 28 U.S.C.§1367(b). Section 1367(b) provides the following:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. §1367(b). Although MAPP seeks to intervene in this suit as a defendant, it would be more properly aligned as a plaintiff herein for two (2) reasons. First, a party that voluntarily chooses to intervene in ongoing federal litigation to assert its own affirmative claims, such as MAPP's indemnification claim against Merit, is to be aligned as a party

4

plaintiff.  *MCI Telecommunications v. Logan Group*, 848 F.Supp. 86 (N.D.Tex. 1994).  Secondly, an intervener is only to be aligned as a defendant if it has potential liability to the plaintiff on the primary claim, which is not the case in the present matter.[4]  The primary claim in this suit is Merit's claim to enforce a lien on Motiva's property so that Merit can receive payment for the work it performed on the Motiva project; MAPP is not subject to liability relative to the enforcement of that lien.[5]  Because MAPP would be more properly aligned as a plaintiff in this suit, Section 1367(b) is implicated, and the Court must determine whether exercising supplemental jurisdiction over MAPP's intervention claim(s) would be inconsistent with the diversity jurisdiction existing over the original claims in this matter.  *City and County of San Francisco v. ExxonMobil Oil Corp.*, 2009 WL 1189594 (N.D.Cal. 2009).

MAPP has conceded that the interests and claims it seeks to vindicate in this suit are adverse to Merit – it seeks indemnification from Merit and to prove that the amounts sought by Merit in this suit are not what Merit claims since Merit's work was allegedly defective.  MAPP has not indicated that it has any claims or interests adverse to Motiva or Jacobs in this suit.[6]  Thus, the fact that MAPP, if aligned as a plaintiff in this litigation, is

---

[4] *Id.*, at 88-89 (finding that intervener had no interest placed at risk by the complaint and therefore could not intervene as a defendant); 16 James Wm. Moore, et al., Moore's Federal Practice §106.46 (3d ed. 2008).

[5] Relative to a potential intervener seeking to defend an interest being attacked by a plaintiff in a lawsuit, the U.S. Fifth Circuit Court of Appeals has held that the intervener is a "real party in interest" "when the suit was intended to have a direct impact on the intervener."  Ross v. Marshall, 426 F.3d 745 (5th Cir. 2005).  Since this suit by a subcontractor (Merit) against the owner (Motiva) of the property that the subcontractor improved is not intended to have any direct impact upon the proposed intervener (MAPP), MAPP would not be properly aligned as a defendant in this litigation.

[6] In fact, in its reply memorandum relative to the present motion, MAPP actually states that it filed its motion to intervene in this suit to "protect its interests, as well as the interests of Motiva and Jacobs."  *See*, MAPP's reply memorandum, R. Doc. 23, p. 8.

diverse in citizenship relative to the defendants is irrelevant since the party against whom MAPP is seeking to assert its intervention claim herein, Merit, is of non-diverse citizenship relative to MAPP. In other words, MAPP is essentially seeking to intervene as a plaintiff in this matter to assert a "cross-claim" against Merit for indemnification from any amounts Merit receives from Jacobs and/or Motiva. The undersigned has not been presented with any authority that would allow the assertion of supplemental jurisdiction over an intervening plaintiff's "cross-claims" against a non-diverse co-plaintiff, and cases out of various circuits

indicate that diversity jurisdiction would be destroyed in such a scenario. *Id.*, *6.[7] [8]

Accordingly, MAPP should not be permitted to intervene in this case to assert claims against Merit because, if permitted to do so, complete diversity of citizenship would be

---

[7] *Id.*, at *6 (Allowing an intervener plaintiff to bring state law claims against the non-diverse plaintiff would destroy diversity, and the court is therefore precluded from exercising supplemental jurisdiction over those claims under 28 U.S.C. §1367(b)); *TIG Ins. v. Reliable Research Co.*, 334 F.3d 630, 634 (7th Cir. 2003)(same); *Siteworks Contracting Corp. v. Western Surety Co.*, 461 F.Supp.2d 205, 208 (S.D.N.Y. 2006)(denying motion to intervene for a want of subject matter jurisdiction, based on finding that intervening defendant was better classified as intervening plaintiff and was "barred from asserting its state law claims against non-diverse original plaintiff under §1367(b)"); *MCI Telecomm.*, at 88-89 (intervening party who was not subject to liability under plaintiff's complaint defined as third-party plaintiff who was barred from asserting state law claims against non-diverse original plaintiff under section 1367(b)); *Deere & Co. v. Diamond Wood Farms, Inc.*, 152 F.R.D. 158, 160 (E.D.Ark. 1993)(supplemental jurisdiction could not be exercised over intervening plaintiff when intervention would destroy diversity), *quoting* 3B James Wm. Moore et al., *Moore's Federal Practice* ¶24.18 (2d ed. 1993), at 24-182 ("1367(b) makes one change in prior practice by eliminating supplementary jurisdiction over a party who intervenes, even if by right, as a plaintiff in a diversity action if that party does not meet the requirements of diversity jurisdiction"); *Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010)(citing *TIG Insurance* for the proposition that a plaintiff intervener's claim must be dismissed for want of jurisdiction where the intervener's citizenship is not diverse from the party against whom it seeks to assert a claim); *Int'l Chem. Corp. v. Nautilus Ins. Co.*, 2010 WL 3070101, at *3 (W.D.N.Y. 2010)(holding that "where, as here, intervention is sought by an intervener as a plaintiff in order to prosecute in district court a claim against a non-diverse party, intervention may not be granted as such status is expressly prohibited by §1367(b)"); *Liberty Mut. Grp. v. Hillman's Sheet Metal & Certified Welding, Inc.*, 168 F.R.D. 90, 92 (D.Me. 1996)(noting that "the weight of authority supports the conclusion that §1367(b) precludes the exercise of supplemental jurisdiction over claims by nondiverse plaintiff-interveners, even as of right under Rule 24(a)"); *Logan v. Krupp*, 2010 Wl 234960 (S.D.Ill. 2010)(A court is prohibited from exercising supplemental jurisdiction over claims brought by an intervening plaintiff against a party of mutual citizenship when that court's basis of federal jurisdiction over the original claims derived from 28 U.S.C. §1332. In other words, when federal jurisdiction is predicated solely upon diversity, a Rule 24 plaintiff may only assert claims against defendants with which its shares no citizenship); *Swanda Bro., Inc. v. Chasco Constructors, Ltd., L.L.P.*, 2008 WL 2381629 (W.D.Okla. 2008)(In determining whether supplemental jurisdiction over intervention claims is appropriate, the court must look at the citizenship of the adverse parties in the proposed complaint in intervention. Because the plaintiff and the defendant in the complaint in intervention were diverse as to citizenship, the court could exercise supplemental jurisdiction over the proposed intervention).

[8] Even assuming MAPP is also seeking to intervene in this suit to assert claims against defendants, Motiva and/or Jacobs, diversity jurisdiction would nevertheless be destroyed by virtue of MAPP's "cross-claim" against Merit, which is non-diverse to MAPP. *See, Yorkshire P'ship, Ltd. v. Pacific Capital P'ships*, 154 F.R.D. 141, 142 (M.D.La. 1993)(denying intervention because intervener-plaintiff alleged claims against all parties, including original plaintiff with whom he shared citizenship, and therefore the court was deprived of supplemental jurisdiction because complete diversity would be destroyed); *Maricco v. Meco Corp.*, 316 F.Supp.2d 524 (E.D.Mich. 2004)(Insurer's intervention in products liability action brought by consumer against corporation would destroy existing diversity of citizenship in the action, to the extent that the insurer sought a cross-claim judgment against the consumer as reimbursement for monies paid under health care plan, since parties on both sides of that cross-claim were Michigan residents, even if the insurer also asserted claims against the defendant corporation as a subrogee of the consumer).

7

destroyed, and such an intervention would be precluded by Section 1367(b).

Additionally, even assuming the Court could exercise supplemental jurisdiction over MAPP's claims in intervention, the undersigned nevertheless finds that MAPP's request for intervention should be denied because it has not satisfied the requirements for intervention of right or permissive intervention under Fed. R. Civ. P. 24. Rule 24(a) governs interventions of right and provides that:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). The Fifth Circuit Court of Appeals has recognized that "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained." *American V Ships Ltd., LLC v. Norica Engineering Services*, 2002 WL 496377, *2 (5th Cir. 2002), quoting *John Doe #1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001). Thus, a party is entitled to an intervention of right if:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of the case may impair or impede the potential intervener's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*American V Ships,* at *3. If the party seeking to intervene fails to meet any one of the above four (4) requirements, it cannot intervene as a matter of right. *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994).

8

MAPP is not entitled to intervention of right in this suit because it has not satisfied the third element referenced above. Specifically, it has failed to sufficiently demonstrate that, if it is not allowed to intervene in this case, its ability to protect its interest may be impaired or impeded. Even though Motiva has filed suit against MAPP concerning the delays and defective work on the control room project (which includes the allegedly defective work of Merit)[9] and, within that suit, Motiva specifically seeks indemnity from MAPP for suits filed against it by subcontractors (such as the present suit filed against Motiva by Merit), MAPP will be able to vindicate its interests against Merit relative to its indemnity claim in the proceedings it already has pending against Merit in state court. As mentioned above, MAPP presently has a pending counterclaim against Merit in the arbitration proceedings as well as a main demand against Merit in the suit that MAPP filed in the 19th Judicial District Court, wherein it is already pursuing claims against Merit for defense and indemnification relative to any claims of defective work, for breach of contract, and for any delay claims filed by Motiva/Jacobs against MAPP. Additionally, counsel for MAPP did not dispute, during the scheduling conference in this matter on December 2, 2010, that Motiva paid for a performance bond securing Merit's performance of its contractual obligations and that MAPP presently has claims pending against the sureties of that bond in its 19th Judicial District Court suit. As such, it does not appear that denying MAPP intervention into this suit will impair or impede its rights against Merit for any

---

[9] Merit contends, in its sur-reply memorandum, that Motiva's suit against MAPP does not arise from the work performed by Merit. While it is true that the defective work alleged in Motiva's complaint relates largely to construction defects and deficiencies that created "water penetration problems and insulation deficiencies" in the control room, which may not be related to the electrical scope of work performed by Merit, Motiva's complaint nevertheless generally refers to "other construction deficiencies" as well as "other" non-conforming reports (NCRs) that include allegedly nonconforming work of Merit that Motiva contends contributed to the alleged project delay. Accordingly, Merit's characterization of Motiva's complaint as only involving defective work performed by other subcontractors is not necessarily accurate.

9

amounts that MAPP might be found to owe to Motiva as a result of defective work or delays brought about by Merit's performance on the Motiva project.[10] Accordingly, MAPP is not entitled to intervention of right as a defendant in this suit.[11] [12]

The undersigned also finds that MAPP should not be allowed permissive intervention either. Fed. R. Civ. P. 24(b) provides for permissive intervention when: (1) the motion is timely; (2) a statute of the United States confers a conditional right to intervene; or (3) the movant's "claim or defense and the main action have a question of law or fact in common."

---

[10] As Merit explains in its briefs relating to this motion, if Motiva is ordered to pay Merit for the work Merit performed on the project in the context of this litigation, then MAPP's corresponding obligation to pay Merit for that work pursuant to the subcontract between MAPP and Merit is extinguished to the extent of Motiva's payment to Merit. Thus, a judgment in Merit's favor in this litigation does not increase MAPP's liability relative to Motiva; it instead reduces MAPP's liability to Merit.

[11] Through the indemnification claim against Merit that MAPP seeks to file herein, MAPP would be asserting its alleged right to a portion of any money Merit receives herein from Jacobs and/or Motiva to which MAPP contends Merit is not entitled because of Merit's defective work/delays. Thus, MAPP's purpose in intervening is simply to protect a purely economic interest relative to a potential judgment in Merit's favor in this suit. It has been specifically recognized that a purely financial interest relative to a potential judgment is not sufficient to render a party "indispensable" to litigation. *See, Kenko International, Inc. v. Asolo S.R.L.*, 838 F.Supp. 503 (D.Colo. 1993). "The 'interest relating to the subject matter of the action,' that makes an absent person a party needed for just adjudication, must be a legally protected interest, and not merely a financial interest or interest of convenience." *Id.*, quoting 3A James. W. Moore et al., *Moore's Federal Practice* ¶19.07-1 [2.-0] at 19-99 (1993). Since the standard for finding that a party is "indispensable" (now referred to as a "required party" under Fed. R. Civ. P. 19(a)) is essentially the same as that for intervention of right (*i.e.*, the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may . . . impair or impede that person's ability to protect that interest"), MAPP's purely financial interest in this litigation does not justify its intervention as a matter of right, particularly when it can vindicate such financial interest in the context of other, presently pending proceedings.

[12] The Louisiana Private Works Act, pursuant to which Merit filed the present suit, specifically provides that Merit has the right to bring this claim against the owner of the property, Motiva, "without the joinder of others." See, La. R.S. 9:4802(E). When an owner of property, such as Motiva, contracts for the improvement of an immovable with a contractor, the Private Works Act grants "laborers or employees of the contractor or subcontractor of the improvement" claims against the owner to secure payment of the price for work performed and for supplies for the improvement. La. R.S. 9:4802. The Act creates a right of action against the owner of the property in favor of laborers/suppliers, even though they do not have a contractual relationship with the owner, by virtue of the supplier filing a lien. Century Ready Mix Corp. v. Boyte, 42,634 (La. App. 2 Cir. 2007), 968 So.2d 893, 898. Merit, as a subcontractor that supplied improvements to the immovable property of Motiva, was permitted to sue Motiva under the Private Works Act since it does not have a contractual relationship with Motiva. Furthermore, Merit was not required to name the general contractor, MAPP, in this suit.

*Graham v. Evangeline Parish School Bd.*, 2005 WL 1156018, **6 (5th Cir. 2005), citing Fed. R. Civ. P. 24(b). However, the district court's Rule 24(b) determination is "wholly discretionary." *Id.*, quoting *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Thus, "even [where] there is a common question of law or fact, or the requirements of [Rule] 24(b) are otherwise satisfied," a district court may deny permissive intervention if such intervention would "unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

The narrow issue in the present case is the amount of money outstanding, if any, that Jacobs and Motiva owe Merit for work Merit performed on the Motiva project. While MAPP contends that its indemnification claim against Merit is related to this suit (in the sense that Motiva has filed a suit against MAPP in this Court in which it alleges that MAPP owes it $3.3 million for the breach of contract and defective work attributable to the work of MAPP's subcontractors, including Merit, as well as for indemnity for suits filed against Motiva by such subcontractors), MAPP can seek indemnification from Merit relative to amounts owed in Motiva's suit through its already pending indemnification claims in state court, and it need not also pursue those claims herein.

Additionally, even if there are common questions of law and fact between the present suit and MAPP's indemnification claim against Merit,[13] the undersigned

---

[13] The fact that Motiva's suit against MAPP and Merit's suit against Motiva and Jacobs were consolidated because they involve the same construction project does not automatically make MAPP a party to this action, nor does it justify MAPP's intervention in this suit. *See*, 8 Moore's Federal Practice, §42.13[2](Matthew Bender 3d ed.)(citing cases)("[C]onsolidation does not merge the consolidated suits into one lawsuit, change the rights of the parties, or make those who were parties in one suit parties in another"); *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1358 (2d 1975)("It is axiomatic that consolidation is a procedural device designed to promote judicial economy and that consolidation cannot effect a physical merger of the actions or the defenses of the separate parties"); *See also, County of St. Louis v. Thomas*, 162 F.R.D. 583 (D.Minn. 1995)(specifically noting that a consolidation of actions did not moot a request by a party in one case to intervene in the other case).

nevertheless finds that MAPP's intervention would likely cause undue delay and prejudice to the original parties to this suit. The original parties have represented to the Court that the issues currently involved in this suit are quite narrow (*i.e.*, the sole issue is Merit's claim for payment for electrical work performed on the Motiva project). The parties have even agreed to an abbreviated discovery schedule and have indicated that a prompt settlement conference would be desirable, and Merit has also already filed a motion for partial summary judgment, which defense counsel has apparently indicated it will not vigorously oppose. Allowing MAPP to intervene in this suit with an indemnification claim against Merit (that is not yet ripe for adjudication[14] and when there is already a state court suit and an arbitration proceeding pending wherein the issues MAPP seeks to vindicate in this Court can be resolved), would only complicate this case, resulting in discovery delays and likely thwarting the parties' stated hopes for a prompt resolution.[15] Thus, permissive intervention

---

[14] MAPP does not technically have a right to "offset" or "compensation" from Merit at the present time as to any amounts MAPP may be found to owe Motiva because such amounts are not yet "liquidated" or "presently due." See, Merit's opposition, R. Doc. 20, p. 4. "Setoff" takes place by operation of law when two persons owe to each other sums of money that are "liquidated" and "presently due," in which case "setoff" extinguishes both obligations to the extent of the lesser amount. A claim is only "liquidated," however, when the debt is for an amount capable of ascertainment by mere calculation in accordance with accepted legal standards. *American Bank v. Saxena*, 553 So.2d 836 (La. 1989). A lack of sufficient liquidity and demandability will preclude a claim of compensation or "setoff." *Id.* Thus, since MAPP has not yet been held liable for any amounts directly attributable to the allegedly defective work and delays brought about by Merit's scope of work, any claims by MAPP against Merit for "setoff" appear to be premature since such amounts are not yet "liquidated" or "demandable."

*See also, Henning v. Amsted Indus., Inc.*, 56 F.3d 29, 31 (7th Cir. 1995)(stating that the "petition for indemnity was premature" because "[d]eclaratory relief as to indemnity is unavailable if liability in the underlying action has not been established" such that "[u]ntil there was a determination that [the claimant] had suffered any loss or incurred any liability, [it] could not enforce the indemnity"); *Helena Marine Serv., Inc. v. Sioux City & New Orleans Barge Lines, Inc.*, 564 F.2d 15, 17 (8th Cir. 1977)("[T]he Court does not perceive that claimant has a cause of action against Helena Marine Service under its claim of indemnity unless and until it has completed the proceedings in the state court, resulting in judgment against claimant, which claimant has paid. Until these matters have been finally determined, a cause of action for indemnity would be premature").

[15] Any reliance by MAPP upon the "pay when paid" clause of the contract between MAPP and Merit for the proposition that Merit cannot be paid in this suit against Motiva and Jacobs is misplaced. The provisions of the contract between MAPP and Merit have no impact upon and cannot preclude Merit from

of MAPP should also be denied.

Accordingly;

**IT IS ORDERED** that the Motion for Leave to Intervene as Defendant (R. Doc. 14) filed by proposed intervener, MAPP Construction, LLC, is hereby **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, March 14, 2011.

*[signature]*

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

obtaining payment directly from Motiva/Jacobs, neither of whom are parties to the subcontract between MAPP and Merit, in the context of this Private Works Act suit. The "pay when paid" clause only governs Merit's claims against MAPP for payment pursuant to their subcontract.